IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CLEOLA B. CINTRON, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 1:11CV448-SRW
) (WO)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Cleola B. Cintron brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that this action is due to be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits, pursuant to Title II of the Social Security Act, on September 9, 2008, alleging disability since June 15, 2008.[1] (Exhibit 2D). After her application was denied at the initial administrative

[1] Plaintiff also filed an application for supplemental security income under Title XVI. (Exhibit 1D). However, plaintiff's appeal to this court relates to plaintiff's Title II claim only (see Plaintiff's brief, Doc. # 14, p. 1 ¶ 1) and the administrative transcript includes no final decision of the Commissioner on plaintiff's SSI application. (See Exhibits 1B, 2B (initial denial of Title II

level, plaintiff requested and received a hearing before an administrative law judge. (Exhibits 1B, 2B, 5B, 6B, R. 27-63). The ALJ issued a decision on April 2, 2010, concluding that the plaintiff was not under a disability, as defined in the Social Security Act, from her alleged onset date through the date of the decision. (R. 10-22). Plaintiff requested review of the ALJ's decision and, on April 13, 2011, the Appeals Council denied review. (R. 1-9). Plaintiff filed the present action thereafter. (Doc. # 1).

**DISCUSSION**

Plaintiff argues, *inter alia*, that "[t]he Appeals Council erred by failing to properly consider the new and material evidence from Dr. Kesserwani." (Doc. # 14, p. 7)(capitalized in original). Plaintiff attaches to her brief Dr. H. Kesserwani's treatment note for plaintiff's examination on June 1, 2010, including the results of EMG and nerve conduction studies performed on that date and on June 7, 2010. (Doc. # 14-1, Exhibit A to Plaintiff's Brief, pp. 3-7). The attachment includes a cover letter dated July 7, 2010, addressed to the Appeals Council; it refers to enclosed "Medical Records dated 06/01/10 through 06/07/10 from Comprehensive Neurodiagnostic Center" and thanks the Appeals Council "for allowing additional time to submit this evidence." (Id., p. 2). Exhibit A also includes a fax cover sheet and a confirmation report, the latter showing a successful transmission of six pages to

---

claim); Exhibit 5B (request for hearing stating "I disagree with the determination made on my claim for disability-worker or child benefits because I am disabled" – *i.e.*, the Title II claim); Exhibit 6B at R. 77, 83 (Notice of Hearing specifying the issues to be considered at the hearing); Exhibit 10B (plaintiff's 2/3/10 appointment of representatives for purposes of "Title II (RSDI)" claim only; R. 13-22 (ALJ decision as to Title II application); R. 8 (AC annotation of request for review of "Disability-Worker (DIWE)" claim).

"17036057421" on July 7, 2010 at 16:13. (Id., pp. 1, 7). In her brief to this court, plaintiff points to the Appeals Council's order of April 13, 2011 identifying the "additional evidence which [the Appeals Council] is making a part of the record," and notes that it lists only evidence from Dr. Lett. (Doc. # 14, pp. 8-9). Citing and quoting 20 C.F.R. § 404.976(b)(1), she argues that the Appeals Council was required to either consider the evidence of her evaluation by Dr. Kesserwani or return it to her with an explanation as to why it was not accepted, and that its failure to do either "is legal error warranting remand for proper consideration of this evidence." (Id., p. 9).

The Commissioner does not contend that the submission to the Appeals Council was untimely, nor has she offered evidence that the Appeals Council did not receive the additional records. The evidence attached to plaintiff's brief demonstrates that plaintiff submitted this additional evidence to the Appeals Council properly and the Commissioner does not argue otherwise.[2] Instead, she maintains that "[p]laintiff's reliance upon evidence after the ALJ's decision submitted to the Appeals Council is without merit" because the new evidence "did not render the ALJ's decision denying benefits erroneous." (Doc. # 15, pp. 11). She then argues why this is so, evaluating the opinions presented by Dr. Kesserwani in Exhibit A. (Id., p. 12). However, the Commissioner ignores plaintiff's argument that the Appeals Council had a duty either to consider the evidence or return it to her with an

[2] Because this evidence should, therefore, have been included in the certified administrative record the Commissioner filed in this action, the court considers it in reviewing the Commissioner's decision for legal error.

explanation.

This court is tasked with reviewing the Commissioner's final decision. Where, as here, the plaintiff challenges the Commissioner's decision on grounds arising subsequent to the ALJ's decision, the court's review necessarily extends to the action of the Appeals Council. Cf. Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253, 1262–66 (11th Cir.2007)("[A] decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)."); Sneed v. Barnhart, 214 Fed. Appx. 883, 885 (11th Cir.2006)(holding that, where the Appeals Council did not receive the claimant's new evidence until after it issued its decision, the court had no jurisdiction to review the Appeals Council's refusal to reopen; observing, in *dicta*, that "[b]ecause the Appeals Council's refusal to consider the submission of new evidence before denying review amounts to an error of law, that decision is subject to judicial review").

The Commissioner's regulation cited by the plaintiff provides that, on review, "[t]he Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.976(b). Implicit in this mandate is a requirement that the Appeals Council evaluate all of the evidence a claimant submits properly on review and make a threshold determination regarding whether the evidence is new and material. See 20 C.F.R. § 404.976(b)(if Appeals

Council finds that evidence submitted to the Appeals Council does not relate to the time period on or before the date of the ALJ's decision, it will return evidence to the claimant "with an explanation as to why it did not accept the additional evidence and will advise [the claimant] of [her] right to file a new application")[3]; cf. HALLEX I-3-5-20 ("The Appeals Council only evaluates evidence that is not new and material to the period through the date of the ALJ hearing decision to the extent necessary to determine that it is not new and material.").[4] In its denial notice in the present case, the Appeals Council makes no reference to the June 2010 evidence from Dr. Kesserwani. (See R. 1-6). Instead, as plaintiff notes, the Appeals Council refers only to new evidence of an "[o]ffice visit dated July 8, 2010 from physician, Patrick Lett[,]" making that evidence a part of the record as "Exhibit 16F." (R.

---

[3] The Commissioner argues, in part, that plaintiff's new evidence does not relate to the relevant period. (Doc. # 15, Commissioner's brief, p. 12)(plaintiff's complaint to Dr. Kesserwani of headaches pertained to a period of time "clearly after the ALJ's hearing and thus the period at issue in this case"). There is no indication in the record or in the briefs of the parties that the Appeals Council reviewed the evidence but returned it to the plaintiff, as it might have done if it had reviewed the evidence and determined that it did not relate to the time period on or before the date of the ALJ's decision. See 20 C.F.R. § 404.976(b).

[4] The court does not here decide whether the HALLEX creates rights which may be enforced judicially – a subject of some debate (see Cohan v. Commissioner of Social Security, 2011WL 3319608 (M.D. Fla. Jul. 29, 2011) (discussing cases) – because, as noted above, the requirement for a threshold evaluation is implicit in the Commissioner's regulation. Consistent with this implied requirement, HALLEX I-3-5-20 directs the Appeals Council analyst who evaluates additional evidence submitted by a claimant on review and finds it to be not new and/or not material to "provide language for the denial notice" explaining why the evidence is not material and, for evidence that is not "new," describing how the submitted evidence duplicates evidence already of record.

4-5).[5]

In reviewing the Commissioner's decision, the court is required to defer to the Commissioner's factual findings and scrutinize closely his legal conclusions. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir.1991) (citations omitted). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Id. at 1145-46 (citation omitted). The court cannot conclude, on the present record, that the Appeals Council made the required threshold determination that the evidence was not new and material or, indeed, that it reviewed plaintiff's evidentiary submission at all. Because the Appeals Council's decision lacks any basis from which the court could determine that the Appeals Council conducted the required legal analysis of Dr. Kesserwani's June 2010 evaluation and opinion, the Commissioner's decision is due to be reversed.[6]

**CONCLUSION**

For the foregoing reasons, it is

ORDERED that the administrative record is hereby supplemented to include the evidence attached to plaintiff's brief as Exhibit A, which the Commissioner erroneously omitted from the certified transcript. Further, the court concludes that the decision of the

[5] Exhibit 16F is not included in the administrative transcript before the court. (See Doc. # 16).

[6] In view of this conclusion, the court does not address the remaining issues raised by plaintiff. The court expects that the Commissioner will consider plaintiff's arguments as to these issues on remand.

Commissioner is due to be REVERSED, and this action REMANDED to the Commissioner for further proceedings consistent with this Memorandum Opinion. A separate judgment will be entered.

DONE, this 19th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE